IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **GRADY RENARD WILLIAMS, JR.,** : | |
| **AKA ABDUL MALIK BEY,** : | |
| Plaintiff, : | |
| : | CIVIL NO. 5:23-CV-86-MTT-CHW |
| VS. : | |
| : | |
| **Commissioner OLIVER,** *et al.*, : | |
| Defendants. : | |
| _____ : | |

**ORDER OF DISMISSAL**

*Pro se* Plaintiff Grady Renard Williams, Jr., also known as Abdul Malik Bey, a prisoner at Macon State Prison in Oglethorpe, Georgia, filed a pleading that has been construed as a civil rights action pursuant 42 U.S.C. § 1983. ECF No. 1. Plaintiff has not paid a filing fee. Therefore, the Court reasons Plaintiff also seeks leave to proceed *in forma pauperis*. However, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* is therefore **DENIED.** Furthermore, because Plaintiff's complaint does not state a right to any recognizable relief and contains frivolous allegations, this action is **DISMISSED WITH PREJUDICE**.

**I.   DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g)**

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

if [he] has, on 3 or more prior occasions, while incarcerated or detained in

any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is known as the "three strikes provision." A prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g., Williams v. Ga. Dep't of Corr.*, 5:15-cv-00425-CAR-MSH (M.D. Ga. Dec. 8, 2015) (dismissing for failure to state a claim, as frivolous, and pursuant to § 1915(g)); *Williams v. Owens*, 5:13-cv-00254-MTT-MSH (M.D. Ga. Sept. 15, 2014) (dismissing for failure to state a claim); *Williams v. Owens*, 6:13-cv-00016- BAE-JEG (S.D. Ga. Nov. 27, 2013) (same); *Williams v. Ga. Dep't of Corr.*, 6:12-CV-00110-BAE-JEG (S.D. Ga. Jan. 30, 2013) (same). Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in

imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Nowhere in Plaintiff's complaint does he provide any specific facts suggesting that he is in imminent danger of suffering any serious physical injury. As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice to his right to refile with pre-payment of the full $400 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## II.  DISMISSAL AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or

officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

      The liberal construction that applies to *pro se* pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous. *Neitzke v.*

*Williams*, 490 U.S. 319, 327 (1989); see *also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional).

Plaintiff states that he is a "Moorish American Consulate". ECF No. 1 at 2. Plaintiff complains that the Defendants are engaged in "identity theft and criminal conversion by connecting a Moorish American National – a private man- to a public office using the Plaintiff's social security number". *Id*. He further claims that "the Defendants are compelling the use of the Plaintiff's social security number after the Defendants received Notice of Public Records Status Correction International Document". *Id*. at 1. Lastly, he claims that the Defendants "are compelling the Plaintiff to use or possess the social security number and card as a Moorish American National, rather than a public person" and "are indirectly asking the Plaintiff to voluntarily assume the duties of a public officer". *Id*. at 3. Plaintiff states he is thus due "compensation in the amount of TEN TIMES any tax and penalty liabilities that may result" because the use of his social security number is a "violation of the Plaintiff's right of free political association and slavery". *Id*. at 3. He further requests that Defendants "delete his social security number from their records … because the Plaintiff does not consent". *Id*. at 4.

It is plain on the face of Plaintiff's complaint that his claims are brought under a "sovereign citizen" and/ or "Redemptionist" theory. So-called "sovereign citizens" generally rely "on the Uniform Commercial Code ("UCC"), admiralty laws, and other commercial statutes to argue that, because he has made no contract [with the courts or government], neither entity can foist any agreement upon him." *United States v. Perkins*,

5

No. 1:10-cr-97-1, 2013 WL 3820716, at *1 (N.D. Ga. July 23, 2013) aff'd, 787 F.3d 1329 (11th Cir. 2015). Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. *See Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2009). Individuals can free themselves by filing UCC filing statements, thereby acquiring an interest in their strawman. *Id*. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, sometimes in the case of prisoners, to keep him in custody. *Id.*

Both the "sovereign citizen" and "Redemptionist" theories are frivolous legal theories that have been consistently rejected by federal courts. *See Muhammad v. Smith*, No. 3:13-cv-760 (MAD/DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (collecting cases and noting that "[t]heories presented by redemptionist and sovereign citizen adherents have not only been rejected by courts, but also recognized as frivolous and a waste of court resources"); *Santiago v. Century 21/PHH Mortgage*, No. 1:12-CV-02792, 2013 WL 1281776, at *5 (N.D.Ala. Mar. 27, 2013) ("The . . . theories of 'sovereign citizens' are not established law in this court or anywhere in this country's valid legal system."); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding the sovereign citizen argument to be to "wholly insubstantial and frivolous"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting sovereign citizen argument as "shop worn" and frivolous). Moreover, Plaintiff has filed several pleadings with sovereign citizen type claims which have also been dismissed as frivolous. *See e.g., Williams v. Whittington,* Case # 5:22-cv-156-MTT-TQL (M.D. Ga. Apr. 28, 2022); *Williams v. USA,* Case # 5:21-cv-61-MTT-CHW (M.D. Ga. Apr. 2, 2021); *Williams v.*

*Ward,* Case # 5:20-cv-61-MTT-CHW (M.D. Ga. Feb. 28, 2020); *Williams v. Bryson,* Case # 5:17-cv-26-WLS-TQL (M.D. Ga. Mar. 13, 2017); *Williams v. Georgia Department of Corrections,* Case # 5:15-cv-425-CAR-MSH (M.D. Ga. Dec. 8, 2015). Once again, Plaintiff's factual allegations are clearly baseless and "rise to the level of the irrational or wholly incredible". The Court therefore finds that Plaintiff's legal theory is "indisputably meritless", and this action is **DISMISSED with prejudice**[1] as frivolous under 28 U.S.C. § 1915A(b)(1).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff may not proceed *in forma pauperis* in this action and this action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this 22nd day of March, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court realizes that dismissal with prejudice under 28 U.S.C. § 1915A is "an extreme sanction to be exercised only in appropriate cases." *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986). This is an "appropriate case[]." *Id*. This case qualifies for such treatment because Plaintiff's allegations are "clearly baseless and without arguable merit in fact" and are therefore frivolous under 28 U.S.C. § 1915A(b)(1). *See Trevino v. Fla.*, 687 F. App'x 861, 862 (11th Cir. 2017); *Jordan v. Central Intelligence Agency*, No. 5:18-cv-455 (MTT), ECF No. 4 (M.D. Ga. Dec. 5, 2018) (quoting *Bey v. Sec'y, U.S. State Dep't*, 2018 WL 3135153, at *3 (M.D. Fla. 2018)). Furthermore, District courts have the inherent power to dismiss *sua sponte* frivolous suits without giving notice to the parties. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F2d 524, 526, 526 n.3 (11th Cir. 1983); *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (citations omitted) (finding no error when district court dismissed Plaintiff's claim without leave to amend because the Eleventh Circuit "has recognized that so-called sovereign citizens often believe they are not subject to the jurisdiction of the courts and that [c]ourts have ... summarily rejected their legal theories as frivolous"); *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008)).